UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBEY HAIRSTON,<br><br>              Petitioner,<br><br>     v.<br><br>CALIFORNIA LOTTERY TREASURE, et al.,<br><br>              Respondents. | No. 2:14-cv-0911 AC<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner was a state prisoner at Wasco State Prison when he filed the instant petition for writ of habeas corpus. According to the case docket, petitioner has since been transferred to California Correctional Institution.

The undersigned will recommend summary dismissal of the filing before this court. Petitioner names as respondents the "California Lottery Treasure" and "Barack Obama," the President of the United States. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).

1  It is difficult to discern the putative grounds of the would-be petition.  Petitioner alleges

2 that the Lottery has robbed millions from "App. Committee," "violating civil rights . . . cashing

3 checks[,] committing fraud, embezzling funds from taxes."  See Petition.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 [] (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement.

Muhammad v. Close, 540 U.S.749, 750-751 (2004) (per curiam).

Petitioner's filing does not come close to constituting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, a civil rights complaint under 42 U.S.C. § 1983, or even a hybrid of the two.  Petitioner states no facts that might support a challenge to his conviction, and states no facts that suggest the existence of a plausible challenge to his conditions of confinement.  Accordingly, the court can discern no manner by which the defects of petitioner's pleading could be cured.  Doe v. United States, 58 F.3d 494, 497(9th Cir. 1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS ORDERED that the Clerk of the Court make a random district judge assignment to this case.

IT IS RECOMMENDED that this purported petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections

within the specified time may waive the right to appeal the District Courts order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 23, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE